UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| IN RE:<br><br>Michael F. Marlin,<br><br>Debtor. | Case No. 19-41200-JMM<br><br><br><br>Chapter 7 |
|---|---|

### NOTICE OF ZOOM VIDEO HEARING AND ORDER

Pursuant to Federal Rule of Civil Procedure 43(a), made applicable by Federal Rules of Bankruptcy Procedure 9017 and 9014, the Court concludes the current COVID-19 pandemic provides good cause and compelling circumstances to take testimony and evidence on the matters identified herein through a Zoom video hearing with the appropriate safeguards as set forth below.  Therefore,

YOU ARE HEREBY NOTIFIED that several matters, Dkt. No. 105 and Dkt. No. 107, shall be heard via Zoom video hearing on Tuesday, June 29, 2021, at 3:00 pm . Participants will be placed in the Zoom waiting room until the Court starts the hearing and invites participants into the main hearing session.  In order to conduct the video hearing,

IT IS HEREBY ORDERED that:

1. **Prior Notice of Intent to Participate**:  Counsel and parties representing themselves who plan to participate in the video hearing and/or call witnesses shall provide notice to the Courtroom Deputy, Deborah Jenson at Deborah_Jenson@id.uscourts.gov, no later than 12:00 p.m. Mountain Time on the business day preceding the date of the hearing.  Such communication shall include:

    a. The names, email addresses, and telephone numbers of all video participants or witnesses.  All participants and witnesses shall be available at the identified telephone numbers on the day of the hearing; and

    b. The participants' intent, or lack thereof, to seek sequestration of witnesses pursuant to Federal Rule of Evidence 615.

    The Courtroom Deputy will provide the video Zoom link to the participating parties identified in the email.  It is the responsibility of the participating party to provide that link to his/her witnesses as parties designating a witness have

ORDER - 1

the responsibility, subject to the Bankruptcy Rules, of assuring the presence of the witness at trial.  **Such communication does not satisfy nor negate the participants' responsibility to timely provide and exchange witness and exhibit lists and exhibits to the Court and opposing parties as required by Court order or local rule**.

2. **Exhibits:**  The parties shall comply with any Court order and local rules regarding the identification and exchange of witness and exhibit lists and exhibits.  In addition:

    a.  The parties shall deliver their identified exhibits to the party participants and the Court (an original exhibit set and a judge's copy) in paper format.

    b.  The parties must also provide the exhibits to participants in electronic format such that the participants may disseminate the exhibits to their identified witnesses.  *It is the obligation of the party identifying a witness to provide his/her witnesses with **all** the exhibits, those identified by the party **and** those identified by all other parties.*

    c.  A party shall be prepared to identify an exhibit at issue during questioning and share their screen to allow all parties to identify and address the exhibit.

    d.  If a party intends to utilize rebuttal exhibits, he or she shall be prepared to transmit such exhibits electronically to the Court and other participating parties during the hearing.

3. **Witness Testimony:**  The Court will administer the oath to each remote witness during the video hearing and it shall have the same effect as if the witness was sworn in by the Court in person.  As additional safeguards:

    a.  No person, including counsel, shall be permitted to be in the same room with any remote witness unless specifically and expressly authorized by the Court before the witness begins testifying.

    b.  No person shall communicate in any manner with a witness during his or her testimony, except by direct examination and cross-examination on the record, unless specifically and expressly authorized by the Court before the communication takes place.

    c.  Remote witnesses shall have before them only the exhibits provided to the Court for consideration in connection with the matter(s) set for hearing and no other documents or data.

    d.  The Court or any party may request that the witness display identification or request that one or more participants verify the identity of the witness if there is any question about the identity of that witness.

ORDER - 2

4. **Conduct during the Video Hearing**: While conducted through video technology, this is an official Court proceeding and an audio record is being made.  In order to preserve the integrity of that record:

    a. Participants should use a headset, headphones, earbuds, or similar equipment and should not use the microphone and speakers built into their devices unless the device has first been tested and proves not to create feedback in Zoom hearings.

    b. Participants shall keep their devices on mute when not talking as part of the proceeding.

    c. Pursuant to Dist. Idaho Loc. Civ. R. 83.1, no person may record the proceedings from any location by any means.  The audio recording maintained by the Court shall be the sole basis for creating a transcript that constitutes the official record of the hearing.

    d. Participants shall strive to conduct themselves in the same manner as they would in open court including identifying themselves before speaking, exercising civility, and dressing appropriately.

5. **Public Hearing and Access**:  This is a public hearing.  Any person wishing to listen to the hearing via telephone may call 1-669-254-5252, enter the following Meeting ID:  160 407 6172; and Password:  054426.

DATED:  June 25, 2021

_____

JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

ORDER - 3